UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHEN G. ZARICK,                                                                                            Plaintiff,

v.                                                                                        Civil Action No. 3:21-cv-97-DJH

DOCVERIFY, INC. and
DARCY MAYER,                                                                                            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen G. Zarick alleges that he contracted with Defendants DocVerify Inc.[1] and Darcy Mayer to find a buyer for DocVerify. (Docket No. 1, PageID # 3–5) Zarick further claims that Defendants failed to compensate him for his services and instead terminated him only months before DocVerify was acquired. (*Id.*, PageID # 2) Zarick asserts breach of contract or, in the alternative, quantum meruit. (*Id.*, PageID # 7) Defendants move to transfer venue from this Court to the Central District of California. (D.N. 13) After careful consideration, the Court will deny Defendants' motion.

**I.**

The following facts are set out in the complaint and accepted as true for purposes of the present motion. *See McDorman v. D&G Properties*, No. 5:18-CV-36-TBR, 2018 WL 6133167, at *1 (W.D. Ky. Nov. 21, 2018). In 2017, Zarick, a Kentucky resident, and his company V.O. Group, LLC, entered into a consulting contract with Mayer and DocVerify, a California-based company, to procure a buyer for DocVerify. (D.N. 1, PageID # 3–4; *see* D.N. 1-2) DocVerify agreed to pay Zarick a four percent commission upon the sale of DocVerify. (D.N. 1, PageID # 3;

---

[1] Defendants note that DocVerify changed its name to "Darcom" in January 2021. (D.N. 13-2, PageID # 71)

1

D.N. 1-2, PageID # 12)  Zarick worked for DocVerify from Louisville, Kentucky (D.N. 1, PageID # 3), but traveled to California for meetings with Mayer three times.  (D.N. 13, PageID # 91–92)  Although the contract purportedly terminated after one year (D.N. 1-2, PageID # 12), Mayer, as the owner and one of three board members of DocVerify, continued to utilize Zarick's services "well into 2019."  (D.N. 1, PageID # 4)

In late 2019, the parties drafted and, according to Zarick, entered into a new contract for 2020.  (*Id.*, PageID # 4–5; *see* D.N. 1-3)  Mayer, however, never signed the 2020 contract (*see* D.N. 1-3), and instead terminated Zarick and V.O. Group on June 29, 2020.  (D.N. 1, PageID # 6)  In August 2020, Black Knight, a buyer Zarick claims he introduced to Mayer, announced its acquisition of DocVerify.  (*Id.*)  After the acquisition, DocVerify failed to pay Zarick for his services.  (*Id.*)  Zarick initiated this suit on February 16, 2021, against DocVerify and Mayer, asserting breach of the 2020 contract or, in the alternative, quantum meruit.  (*See id.*)  Defendants responded by moving to transfer the case from this Court to the Central District of California pursuant to 28 U.S.C. § 1404(a).  (D.N. 13)  Zarick opposes the requested transfer.  (D.N. 15)

## II.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Court applies a two-part test to decide whether transfer is proper under § 1404(a).  The Court must first determine if the action could have originally been filed in the transferee district and should then consider "whether party and witness 'convenience' and 'the interest of justice' favor transfer to the proposed transferee district." *B.E. Tech., LLC v. Groupon, Inc.*, 957 F. Supp. 2d 939, 942 (W.D. Tenn. 2013) (quoting *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009)).  "[D]istrict courts have 'broad discretion'" in this determination, *id.* (quoting

*Reese*, 574 F.3d at 320), and should weigh "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

The parties do not dispute (*see* D.N. 13; D.N. 15), and the Court agrees, that this action could have been brought in the Central District of California because both DocVerify and Mayer are domiciled in Orange County, California, which is located in the Central District. (*See* D.N. 1, PageID # 2; D.N. 13, PageID # 94–95 (citing 28 U.S.C. § 1391(b)(1))) They instead contest whether the Central District of California is the more convenient forum under § 1404(a). (*See* D.N. 13, PageID # 96; D.N. 15, PageID # 105)

Courts in the Sixth Circuit have considered the following factors when determining whether a case should be transferred:

> (1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of the operative facts, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based upon the totality of the circumstances.

*McDorman*, 2018 WL 6133167, at *3 (citing *Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Racing, Inc.*, 406 F. Supp. 2d 751, 755 (E.D. Ky. 2005); *Excelsior Designs, Inc. v. Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003)); *see Functional Pathways of Tenn., LLC v. Wilson Senior Care, Inc.*, 866 F. Supp. 2d 918, 930–31 (E.D. Tenn. 2012) (quoting *Mardini v. Presidio Developers, LLC*, No. 3:08–cv–291, 2011 WL 111245, *6 (E.D. Tenn. Jan. 13, 2011)) (listing the nine factors).

Defendants bear a "substantial" burden in showing that transfer is appropriate. *See Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 876–77 (M.D. Tenn. 2019) (quoting *Heffernan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 498 (6th Cir. 2016)); *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 958 (M.D. Tenn. 2008)). "Unless the balance is strongly in favor of the defendant[s], a plaintiff's choice of forum should rarely be disturbed." *Sacklow*, 377 F. Supp. 3d at 877 (citing *Reese*, 574 F.3d at 320; *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)). Consequentially, "[t]ransfer of venue is inappropriate where it serves only to shift the inconvenience from one party to the other." *See id.* (citing *Heldman v. King Pharm., Inc.*, No. 3-10-1001, 2010 WL 5300875 at *2 (M.D. Tenn. Dec. 20, 2010)).

**A.     Convenience of Witnesses**

Defendants assert that the Central District of California is the more convenient forum for their witnesses. (D.N. 13, PageID # 97) To support their contention, Defendants "'must produce evidence regarding the precise details of the inconvenience' of the forum chosen by" Zarick. *B.E. Tech.*, 957 F. Supp. 2d at 944 (quoting *Esperson v. Trugreen Ltd. P'ship*, No. 2:10-CV-02130-STA, 2010 WL 4362794, at *8 (W.D. Tenn. Oct. 5, 2010)). Specifically, Defendants must "proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality of evidence and the degree of inconvenience." *Id.* (quoting *Eaton v. Meathe*, No. 1:11-CV-178, 2011 WL 1898238, at *3 (W.D. Mich. May 18, 2011)) (internal quotation marks omitted). Courts give greater weight to the convenience of non-party witnesses than party witnesses. *See, e.g., id.* at 944–45; *McDorman*, 2018 WL 6133167, at *4; *Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 991 (S.D. Ohio 2007).

1.     **Party Witnesses**

Defendants contend that travel to Kentucky would cause Defendant Mayer "undue hardship" due to his roles at DocVerify and Black Knight. (D.N. 13-2, PageID # 72; *see* D.N. 13, PageID # 96) Defendants also argue that a transfer would be more convenient for Tammy Mayer and Mario Leone, DocVerify's two other board members and likely witnesses, because both reside in Orange County. (D.N. 13, PageID # 97; *see* D.N. 13-1, PageID # 70; D.N. 13-3, PageID # 74) In support of this argument, Tammy Mayer and Leone submitted affidavits testifying that travel to Kentucky would cause them "undue hardship," because of the time they would have to spend away from family and work. (D.N. 13-1, PageID 70; D.N. 13-3, PageID # 74)

Tammy Mayer and Leone, as DocVerify board members, are considered party witnesses. *See Beyer v. Vestagen Protective Techs., Inc.*, No. 3:16-CV-02736, 2017 WL 6262190, at *3 (M.D. Tenn. July 18, 2017) (classifying defendant corporation's board members as party witnesses in weighing the private interests of the parties for transfer under § 1404(a)); *cf. McDorman*, 2018 WL 6133167, at *4 (classifying a defendant company's accounting firm as a party witness because the firm was "closely aligned with" defendant). Party witnesses, including a defendant company's employees, are presumed willing to testify in any forum despite inconvenience. *See B.E. Tech.*, 957 F. Supp. 2d at 945; *see also Zimmer Enters.*, 478 F. Supp. 2d at 991 ("Many courts have applied or recognized the rule that, upon a motion to change venue the convenience of witnesses who are a party's employees . . . will not generally be given the same consideration as is given to other witnesses.").

Defendants must therefore show that Tammy Mayer and Leone would "be unwilling to testify in this district if asked to do so." *B.E. Tech.*, 957 F. Supp. 2d at 945. They have made no such showing, however: both witnesses state that travel to Kentucky would cause them only

"undue hardship." (D.N. 13-1, PageID # 70; D.N. 13-3, PageID # 74) Thus, although the convenience of non-party witnesses is "accorded greater weight" in the analysis, *B.E. Tech.*, 957 F. Supp. 2d at 946–47, the convenience of party witnesses in this case does not support transfer. *See id.* at 945 (finding that the convenience of party witnesses did not support transfer even though defendant company's employees were located in transferee district because defendant failed to show that the employees would be "unwilling to testify in th[e] district if asked to do so"); *KANL, LLC v. Savage Sports Corp.*, No. 3:13-CV-265-TAV-CCS, 2014 WL 1745443, at *4 (E.D. Tenn. Apr. 30, 2014) (holding that the convenience of party witnesses did not support transfer when the defendants failed to show their employees would be "'unwilling to testify' if asked to do so" in transferor court (quoting *B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 932 (W.D. Tenn. 2013))); *cf. United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 993 (W.D. Tenn. 2010) (finding that the convenience of party witnesses supported transfer because defendant's party witnesses were located in transferee district and the United States, a "resident" of all districts, did not indicate that it had any witnesses "located in or near" transferor district).

### 2. Non-Party Witnesses

In contrast to party witnesses, "it is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight." *B.E. Tech.*, 957 F. Supp. 2d at 946–47 (quoting *Steelcase Inc. v. Smart Techs.*, 336 F. Supp. 2d 714, 721 (W.D. Mich. 2004)) (internal quotation marks omitted); *see Smith*, 578 F. Supp. 2d at 963 ("Convenience of *non-party* witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis."). Courts consider the number of essential non-party witnesses; their locations; their willingness to "testify in [the] district if asked to do so"; and the need for live, instead of deposition, testimony. *B.E. Tech.*, 957 F. Supp. 2d at 947–48; *see Smith*, 578 F. Supp. 2d at 963.

Defendants identify three non-party witnesses who reside in California: Lisa Carpenter, who worked as Zarick's employee; Chris Strudivant, who allegedly first introduced DocVerify to Black Knight; and Benjamin Levi, who spoke to Zarick about his role with DocVerify. (D.N. 13, PageID # 92–93) Meanwhile, Zarick lists twelve witnesses that he asserts are not California residents and live closer to Kentucky than to California. (D.N. 15, PageID # 106) Zarick's witnesses are either individuals who assisted Zarick in his efforts on behalf of DocVerify or entities that Zarick approached about acquiring DocVerify. (*Id.*) Two of these entities are based in Kentucky. (*Id.*)

Defendants have failed to show that any of their non-party witnesses would be inconvenienced by travel to Kentucky for this matter, much less that they would refuse to do so. *See B.E. Tech.*, 957 F. Supp. 2d at 947–48. While Defendants opine that travel to Kentucky would "cause an undue financial hardship" on their non-party witnesses (D.N. 13, PageID # 98), Defendants did not submit affidavits from any non-party witnesses to support this contention. Additionally, Defendants have failed to articulate why live, rather than deposition, testimony would be required. (*See id.*; D.N. 17); *see also* Fed. R. Civ. P. 32(a)(4)(B) (permitting a party to use a witness's deposition "for any purpose" if "the witness is more than 100 miles from the place of hearing or trial . . . unless it appears that the witness's absence was procured by the party offering the deposition"); *B.E. Tech.*, 957 F. Supp. 2d at 947 ("To the extent the nonparty witnesses' testimony may be presented by deposition, witness inconvenience would not be an issue.").

DocVerify and Defendant Mayer also contend that Zarick fails to sufficiently detail the contents of his witnesses' testimonies (D.N. 18, PageID # 123) because Zarick states only that his twelve witnesses either "assisted [him] in his efforts to cause the acquisition of DocVerify" or can

7

testify as to the relationship Zarick "cultivated" with them on behalf of DocVerify. (D.N. 15, PageID # 106) But Defendants' assertions about their non-party witnesses' proposed testimonies are not much more detailed than Zarick's. (*See* D.N. 13, PageID # 92–93, 98) Both Zarick's and Defendants' non-party witnesses will purportedly offer testimony about Zarick's performance as a consultant for DocVerify's acquisition and his role in facilitating that acquisition. (*See id.*; D.N. 15, PageID # 106) The Court is thus unconvinced that Defendants' non-party witnesses will offer testimony more material than Zarick's. *See Smith*, 578 F. Supp. 2d at 963–64 (finding this factor neutral when both parties stated their non-party witnesses would offer testimony regarding plaintiff's employment in an employment discrimination case).

In sum, Defendants have identified two party witnesses but have failed to show that they would refuse to testify in this Court if asked to do so. (*See* D.N. 13-1; D.N. 13-3) More significantly, Defendants have identified three California-based non-party witnesses, and Zarick has identified twelve non-party witnesses who do not reside in California, including two Kentucky-based companies. (D.N. 13, PageID # 92–93; D.N. 15, PageID # 106) The parties assert that all witnesses will testify regarding Zarick's performance as a consultant for DocVerify and his role in facilitating DocVerify's acquisition. (D.N. 13, PageID # 92–93; D.N. 15, PageID # 106) Neither side, however, has shown that its non-party witnesses would be unwilling to travel to this district or that deposition testimony would be inadequate. (*See* D.N. 13; D.N. 15) The Court therefore finds that the witness-convenience factor does not support transfer. *See Smith*, 578 F. Supp. 2d at 963–64; *Kendle v. Whig Enterprises, LLC*, No. 2:15-CV-1295, 2016 WL 354876, at *7–8 (S.D. Ohio Jan. 29, 2016) (weighing this factor against transfer because both parties identified non-party witnesses who resided in both districts, and defendant did not offer evidence its witnesses would be "unable or unwilling to provide testimony" at trial); *cf. B.E. Tech.*, 957 F.

Supp. 2d at 947–48 (finding that this factor weighed only "slightly" in favor of transfer because, while defendant identified non-party witnesses based in transferee district and plaintiff failed to identify non-party witnesses, defendant did not show that its witnesses would refuse to testify or that deposition testimony would be inadequate).

**B.     The Availability of Compulsory Process**

The availability of compulsory process is closely tied to the inconvenience of non-party witnesses, to the extent that non-party witnesses are unwilling to testify. *See B.E. Tech.*, 957 F. Supp. 2d at 947 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010); *Rinks v. Hocking*, No. 1:10-CV-1102, 2011 WL 691242, at *4 (W.D. Mich. Feb. 16, 2011)). Whether the availability-of-compulsory-process factor "should be given considerable weight depends on the materiality of the testimony to the resolution of the case." *Id.* (citing *Rinks*, 2011 WL 691242, at *4).

As Defendants correctly note (D.N. 13, PageID # 100), under Federal Rule of Civil Procedure 45(c), the Central District of California, unlike this Court, would be able to compel non-party witnesses who live in California to testify at trial. *See* Fed. R. Civ. P. 45(c)(1). Yet as previously discussed, Defendants have failed to show that their non-party witnesses would be unwilling or unable to travel to Kentucky for trial or that deposition testimony would be inadequate. *See id.*; Fed. R. Civ. P. 32(1)(a)(4)(B); *B.E. Tech.*, 957 F. Supp. 2d at 947 (noting that the transferee court could compel deposition testimony if the court retained jurisdiction and non-party witnesses were unwilling to testify at trial). Moreover, Zarick has identified twelve non-party witnesses who are not residents of California and thus would not be subject to the transferee court's subpoena for trial. (D.N. 15, PageID # 106); *see* Fed. R. Civ. P. 45(c)(1). Because Defendants have failed to show that their non-party witnesses would be unwilling or

unable to travel to Kentucky for trial or that deposition testimony would be inadequate, this factor does not support transfer. *See Kendle*, 2016 WL 354876, at *8 (weighing this factor against transfer when movants failed to offer "any evidence that any of the third party witnesses [we]re unable or unwilling to provide testimony at a trial in" the transferor district and noting that courts in the Sixth Circuit generally require such evidence (citing *Smith*, 578 F. Supp. 2d at 963)); *B.E. Tech.*, 957 F. Supp. 2d at 947 ("To the extent the nonparty witnesses' testimony may be presented by deposition, witness inconvenience would not be an issue.").

### C. Convenience of the Parties

Defendants contend that the convenience-of-parties factor supports transfer because Defendant Mayer lives in California and DocVerify's principal place of business is in California. (D.N 13, PageID # 96) Zarick argues that transfer would only shift the burden of inconvenience from Defendants to him because he resides in Louisville. (D.N. 15, PageID # 102) "A transfer is not warranted 'if the result is simply to shift the inconvenience from one party to another.'" *McDorman*, 2018 WL 6133167, at *5 (quoting *Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800 (E.D. Miss. 2009)). Defendants have failed to show that litigating in Kentucky would be more inconvenient for them than litigating in California would be for Zarick, and this factor thus does not support transfer. *See Truesdell v. Link Snacks, Inc.*, No. 3:14-CV-00551-DJH, 2015 WL 5447799, at *2 (W.D. Ky. Sept. 16, 2015) (weighing this factor against transfer when transfer would merely "shift the inconvenience" from one party to the other); *B.E. Tech.*, 957 F. Supp. 2d at 949–50 (refusing to weigh this factor in defendant's favor when defendant showed that the transferee district would be a more convenient forum for it but not for plaintiff); *Cowden v. Parker & Assocs., Inc.*, No. CIVA 5:09-CV-0323-KKC, 2010 WL 715850, at *4 (E.D. Ky. Feb. 22, 2010) (finding this factor did not support transfer because litigating in transferee district would be

inconvenient for plaintiffs); *cf. Sacklow*, 377 F. Supp. 3d at 879 (weighing this factor in favor of transfer when defendant and some plaintiffs were residents of transferee district, no plaintiffs lived in the transferor district, and plaintiffs' counsel indicated its willingness to travel to transferee district).

**D.     Relative Means of the Parties**

Related to the convenience-of-parties factor is "the relative ability of litigants to bear expenses in any particular forum." *B.E. Tech.*, 957 F. Supp. 2d at 949 (quoting *Ellipsis, Inc. v. Colorworks, Inc.*, 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004)). While Defendants do not address this factor (*see* D.N. 13), Zarick contends that it weighs against transfer because DocVerify has greater resources than Zarick. (D.N. 15, PageID # 108–09) Zarick highlights "publicly available filings," which show that Black Knight acquired DocVerify and another company in 2020 for a combined $ 73.5 million. (*Id.*, PageID # 109)

Zarick, however, fails to articulate whether he would experience financial difficulty by litigating in California. (*See id.*) Accordingly, even though an individual may generally have fewer resources than a company, the Court will give this factor little weight in the transfer analysis, as neither side has fully addressed it. *See McDorman*, 2018 WL 6133167, at *6 (citing *Speedshape, Inc. v. Meechan*, No. 11-14670, 2012 WL 1672979, at *4 (E.D. Mich. May 14, 2012)) (weighing this factor against transfer when plaintiff showed that corporate defendants had "substantial holdings and financial resources"); *see also B.E. Tech.*, 957 F. Supp. 2d at 949 (giving this factor little weight when neither party showed it would be unable to bear litigation expenses in either forum).

11

### E. Location of Relevant Evidence and Ease of Access to Sources of Proof

Defendants argue that documents "relevant to this matter" are stored at DocVerify's headquarters in California. (D.N. 13, PageID # 99–100) Zarick responds that courts generally give this factor less weight than other factors due to the minimal cost in producing documents electronically. (D.N. 15, PageID # 107) Moreover, Zarick contends that he has documentary evidence related to his employment with DocVerify "that [is] as much 'in' [Kentucky] as Defendants' documents are 'in' California." (*Id.*, PageID # 108)

Even assuming that most documents relevant to this matter are stored in California, "this factor is of little importance because 'technological advancements have facilitated the electronic storage and transmission of documents from one forum to another.'" *McDorman*, 2018 WL 6133167, at *5 (quoting *Creech v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:17-CV-00335-TBR, 2017 WL 6567814, at *16 (W.D. Ky. Dec. 22, 2017)) (internal quotation marks omitted) (weighing this factor in favor of transfer because most documents were located in transferee district but noting that the factor was "not entitled to much weight"). Therefore, this factor at best only slightly favors transfer. *See id.*; *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *3 (W.D. Ky. Sept. 26, 2013) (finding this factor "a wash" because "technological advancements have made the electronic storage and transmission of information sufficiently expedient that the ease of accessing such evidence" is "equivalent in either forum").

### F. Locus of Operative Facts

Defendants assert that Zarick traveled three times to California during his employment, although they also note that the remainder of Mayer's contact with Zarick was "through emails, phone calls and teleconferences." (D.N. 13, PageID # 92) Neither side, however, addresses

12

whether this factor weighs in favor of or against transfer. (*See id.*; D.N. 15) Still, it is undisputed that Zarick worked for DocVerify "mostly" from Louisville. (D.N. 15, PageID # 103; *see* D.N. 13) The Court therefore finds that this factor does not support transfer. *See First Fin. Bank, Nat'l Ass'n v. Williams*, No. 5:19-CV-128-TBR, 2019 WL 4675392, at *3 (W.D. Ky. Sept. 25, 2019) (finding this factor neutral and not carrying much weight when both fora had "a significant connection to the operative facts" (quoting *McDorman*, 2018 WL 6133167, at *6)); *McDorman*, 2018 WL 6133167, at *5–6 (finding Kentucky "the locus of operative facts," even though some meetings took place in the transferee district, because plaintiff worked in Kentucky and defendants challenged plaintiff's job performance); *cf. Pharmerica*, 2013 WL 5425247, at *3 (weighing this factor in favor of transfer when "[t]he contract at issue was negotiated, executed, and performed" in the transferee district).

### G.    Familiarity of Governing Law

"Federal courts hearing cases based on diversity apply the choice-of-law rules of the forum state to determine which state's law applies to the case." *McDorman¸* 2018 WL 6133167, at *6. Zarick argues that "Kentucky law is almost certainly to apply" to the dispute. (D.N. 15, PageID # 110 (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Osborn v. Griffin*, 865 F.3d 417, 443 (6th Cir. 2017))) Defendants contend that "there are significant arguments in favor of applying California law." (D.N. 18, PageID # 125) As Defendants note (*id.*), neither the 2017 contract nor the 2020 contract contains a choice-of-law provision. (*See* D.N. 1-2; D.N. 1-3)

In Kentucky, there is a "strong preference" for applying Kentucky law. *McDorman¸* 2018 WL 6133167, at *6; *Asher v. Unarco Material Handling, Inc.*, 737 F. Supp. 2d 662, 667 (E.D. Ky. 2010) ("[A] strong preference exists in Kentucky for applying Kentucky law."). Under Kentucky law, "contract disputes are governed by the law of the state with the most significant relationship

13

to the contract." *Eusner v. Sullivan*, No. 5:21-CV-00074-GFVT, 2021 WL 5830020, at *5 (E.D. Ky. Dec. 7, 2021) (quoting *W. Am. Ins. Co. v. M&M Serv. Station Equip. Specialists, Inc.*, No. 1:16-CV-00046-GNS, 2017 WL 441542, at *3 (W.D. Ky. Feb. 1, 2017)) (internal quotation marks omitted). Under the most-significant-relationship test, courts must consider "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Asher*, 737 F. Supp. 2d at 669 (citing Restatement (Second) of Conflict of Laws (1971) § 188(2)).

Additional factual development is required for the Court to determine which state's law will apply in this case. For example, despite Defendants' assertion that the contract was "performed" in California (D.N. 18, PageID # 125), it is undisputed that Zarick worked mostly from Louisville. (*See* D.N. 13, PageID # 92 (stating that Defendant Mayer met with Zarick in California only "on three separate occasions"); D.N. 15, PageID # 103) In light of the "strong presumption in favor of applying Kentucky law," it is likely that Kentucky law will apply. *Asher*, 737 F. Supp. 2d at 668–69 (noting that "Kentucky law will apply to a contract issue if there are sufficient contacts and no overwhelming interests to the contrary" (quoting *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000)) (internal quotation marks omitted)). Because the Court is unable at this stage of the litigation to determine which state's law applies, this factor does not support transfer. *See Shaibi v. Louisville & Ind. R.R. Co.*, No. 3:19-CV-00928-GNS, 2020 WL 1539936, at *6 (W.D. Ky. Mar. 31, 2020) (citing 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3854 (4th ed. 2019)) (weighing this factor against transfer without determining that Kentucky law applied because case law "suggest[ed]" Kentucky law would apply); *McDorman*, 2018 WL 6133167, at *7 (weighing this factor "slightly against

14

transfer" because, although the court would have to apply the law of multiple states, Kentucky courts "strongly favor" applying Kentucky law); *cf. Pharmerica*, 2013 WL 5425247, at *3 (finding this factor supported transfer because "the contract at issue was negotiated, executed, and performed" in another state).

**H.     Plaintiff's Choice of Forum**

Defendants correctly note that Zarick's choice of forum is not dispositive. (D.N. 13, PageID # 96 (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998))) Yet "[a] plaintiff's choice of forum is usually entitled to 'substantial consideration,'" *Sacklow*, 377 F. Supp. 3d at 877 (quoting *Smith*, 578 F. Supp. 2d at 962), especially where, as here, "the plaintiff also resides in the chosen forum." *Smith*, 578 F. Supp. 2d at 962 (citing *FUL, Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993)). Thus, this factor weighs against transfer. *See McDorman*, 2018 WL 6133167, at *7; *cf. Pharmerica*, 2013 WL 5425247, at *4 (finding that this factor weighed against transfer but according it "little weight" because plaintiff was not a resident of its choice of forum).

**I.     Trial Efficiency and the Interests of Justice**

In analyzing the interests of justice, courts weigh "the public's interest in having a local controversy adjudicated locally." *Antony v. Buena Vista Books, Inc.*, No. CV 18-205-DLB-CJS, 2020 WL 5995590, at *9 (E.D. Ky. Oct. 1, 2020) (quoting *Conrad v. Transit Auth. of N. Ky.*, No. CV 19-23-DLB-CJS, 2019 WL 6829952, at *7 (E.D. Ky. Dec. 13, 2019)) (internal quotation marks omitted). Courts also consider trial efficiency "by examining evidence of docket congestion and possible speed of resolution." *Id.* (citing *Conrad*, 2019 WL 6829952, at *7; *McIntosh v. E-backgroundchecks.com, Inc.*, No. CIV.A. 5:12-310-DCR, 2013 WL 954281, at *5 (E.D. Ky. Mar. 11, 2013)).

The parties fail to argue that either court has a "local interest" in adjudicating this case. (*See* D.N. 13; D.N. 15) Defendants, however, assert that they will request a jury trial and contend that the Western District of Kentucky, unlike the Central District of California, is not conducting civil jury trials due to COVID-19. (D.N. 13, PageID # 99) While civil jury trials scheduled to begin before April 30, 2021, were rescheduled, the Court has not required civil jury trials to be rescheduled due to COVID-19 since that date. *See* General Order No. 21-08. Further, as Zarick notes (D.N. 15, PageID # 109–10), in 2021, the Central District of California had a higher pending caseload per judge (543) than the Western District of Kentucky (464). *See* United States Courts, *National Judicial Caseload Profile*, (Mar. 31, 2021), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/03/31-1. And although the time from filing to disposition for civil matters is on average lower in the Central District of California (4.8 months) than in the Western District of Kentucky (9.1 months), *id.*, the Court finds this disparity "uncompelling," particularly as this Court is already familiar with the case. *Truesdell*, 2015 WL 5447799, at *3 (finding a difference of 4.8 and 6 months "uncompelling" when analyzing docket congestion); *see McIntosh*, 2013 WL 954281, at *5 (finding a difference of over two months "not a substantial difference"). Because the Court finds that "efficient administration of the court system will be accomplished if the case remains in this district," this factor does not support transfer. *Truesdell*, 2015 WL 5447799, at *3; *see Eusner*, 2021 WL 5830020, at *6 (weighing the interests of justice in favor of plaintiff when defendants failed to show that the transferee court would be "better suited to adjudicate th[e] dispute" (quoting *Cowden*, 2010 WL 715850, at *4) (internal quotation marks omitted)); *Conrad*, 2019 WL 6829952, at *7 (finding this factor neutral when both courts had an interest in adjudicating the matter and "trial efficiency [did] not point to one district or the other").

## III.

Defendants have not demonstrated that the Central District of California is a more convenient forum than the Western District of Kentucky. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants' motion to transfer (D.N. 13) is **DENIED**.

February 1, 2022

David J. Hale, Judge
United States District Court